2011 ME 107

## Leo BELANGER et al.

v.

## John MULHOLLAND.

Supreme Judicial Court of Maine.

Argued: Oct. 13, 2011.

Decided: Nov. 8, 2011.

Judith A. Plano, Esq. (orally), Pine Tree Legal Assistance, Inc., Augusta, for appellants Leo and Germaine Belanger.

Tammy Ham–Thompson, Esq. (orally), Farris Law, P.A., Gardiner, for appellee John Mulholland.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Leo and Germaine Belanger appeal from a judgment of the Superior Court (Kennebec County, *Murphy, J.*) after a bench trial awarding them $2500 in damages for five months for breach of the implied warranty of habitability by their landlord, John Mulholland. The Belangers contend that they are entitled to damages for an additional four-month period because the court erred as a matter of law in its conclusion that lack of running water did not render the Belangers' dwelling unit unfit for human habitation, pursuant to 14 M.R.S. § 6021 (2010). We modify the damages award and, as modified, affirm the judgment.

## I. CASE HISTORY

[¶ 2] The following facts are established in the trial record. *Sanseverino v. Gregor*, 2011 ME 8, ¶ 2, 10 A.3d 735. From 1987 to August 2009, the Belangers rented a trailer in a mobile home park in Augusta. The trailer was the Belangers' year-round residence. In 2001, Mulholland purchased the mobile home park. In 2006, the parties executed a lease that increased the monthly rent to $500. When rented and until December 2008, the trailer had running water and a functioning toilet system.

[¶ 3] In December 2008, water pipes in the trailer froze and burst, resulting in the Belangers being without running water. Leo Belanger reported the broken water pipes to Mulholland. Mulholland asserted that he had no obligation to make repairs. He allowed Belanger an abatement on the rent in order to provide funds for the repairs and told Belanger that he "was on his own with that." Any repairs were unsuccessful, and for some time, the Belangers made do by buying bottled water and hauling water from a neighbor's home.

[¶ 4] In March 2009, the toilet would no longer flush. When Leo Belanger told Mulholland about the toilet, Mulholland said Belanger "was on [his] own with that."

[¶ 5] By August 2009, when the Belangers were evicted from their trailer, they had lived in the trailer without running water for nine months and without a functioning toilet for five months.

[¶ 6] In May 2009, the Belangers sued Mulholland for breach of the implied warranty of habitability. After a one-day trial, the court found

that the [Belangers] were without water for nine months. The court further finds that [they] had no functioning toilet for five months. . . . The court further finds that Mr. Mulholland had actu-

al notice of these problems. He had actual notice that the pipes had frozen in December 2008, and had actual notice that the toilet stopped functioning some time in March 2009.

The court also found that (1) the lack of water and a functioning toilet "were of sufficient magnitude as to 'materially impair the health or safety' of the Belangers"; and (2) "the Belangers endured deplorable conditions during this period of time." As the court later clarified, it "concluded that the combination of lack of water and lack of functioning toilet were . . . 'together sufficient' to constitute a breach" of the implied warranty of habitability. Finding that these conditions existed together for five months, the court awarded the Belangers $2500 (five months' rent) based on the unrebutted statutory presumption that the fair value of their use of the trailer was equal to their rental amount. *See* 14 M.R.S. § 6021(4)(B).

[¶ 7] The Belangers moved to amend the judgment to include damages for the four months that they were without water. The court denied the motion but clarified its judgment. The Belangers timely appealed.

## II.  LEGAL ANALYSIS

[¶ 8] The statute establishing a warranty of fitness for habitation states: "In any . . . agreement for rental of a dwelling unit, the landlord shall be deemed to covenant and warrant that the dwelling unit is fit for human habitation." 14 M.R.S. § 6021(2). A condition that "endangers or materially impairs the health or safety of the tenants" "renders the dwelling unit unfit for human habitation." 14 M.R.S. § 6021(3)(A).

[¶ 9] The Belangers rented a trailer with running water for over twenty years. The trailer was their year-round residence, not a camp or seasonal residence.

[¶ 10] The relevant time period for the determination of damages for this case is December 2008 through March 2009. The court found that during this period, the Belangers were without running water and that later, lack of a functioning toilet rendered the premises unfit for human habitation. Without extraordinary action by the Belangers, hauling water from neighbors to flush the toilet, the premises was thus unfit for human habitation, by the court's standards, from December 2008 onward. Accordingly, by itself, the lack of running water in the Belangers' trailer for four months was a condition that "endanger[ed] or materially impair[ed] the health or safety of the tenants," and rendered the trailer unfit for human habitation. 14 M.R.S. § 6021(2), (3)(A).

[¶ 11] Accordingly, the Belangers were entitled to damages for an additional four months according to the measure of damages set by the trial court.

The entry is:

Findings of unfitness for human habitation affirmed. Remanded to amend the damages award to provide an additional $2000 in damages. Judgment affirmed as amended.